IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL MCLUCKIE,

       Plaintiff,                                14-cv-1096
                                                 Related to 14-cv-00583
       v.                                      **ELECTRONICALLY FILED**

HOME DEPOT,

       Defendant.

## MEMORANDUM ORDER OF COURT RE: PLAINTIFF'S MOTION TO REMAND (DOC. NO. 4)

On August 15, 2014, Defendant, Home Depot, filed a Notice of Removal from the Court of Common Pleas of Allegheny County pursuant to 28 U.S.C. § 1441, based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Doc. No. 1. Attached to the Notice of Removal was a Complaint filed in the Court of Common Pleas of Allegheny County at civil action number GD 13-020793. Doc. No. 1-5. This is the same Complaint that was previously before this Court on another Notice of Removal and Motion to Remand (related case, civil action number 14-cv-00583). The Complaint sets forth a negligence action brought by Plaintiff, Cheryl McLuckie ("Plaintiff"), against Defendant for alleged injuries sustained by Plaintiff, because of a slip-and-fall in the parking lot of Defendant's 440 Home Drive Pittsburgh, Pennsylvania location. The Parties agree that Plaintiff seeks damages in excess of $35,000.00, which is the arbitration limit for Allegheny County. The main issue at this juncture is whether Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs, such that this Court is a proper forum to hear this dispute. Defendant contends that the following written statement made by Plaintiff in the course of litigation in the case in the Court of Common Pleas of Allegheny County demonstrates that the jurisdictional amount has been demonstrated: "In response to the allegations set forth in paragraph 17 of

Defendant's new matter, it is denied that Plaintiff's damages are valued at less than $75,000.00, exclusive of interest and costs." Doc. No. 1-15, ¶ 9.

On September 8, 2014, Plaintiff filed a Motion to Remand this federal action. Doc. No. 4. Plaintiff contends that there continues to be no factual support to value her damages at more than $75,000.00 and there is not sufficient evidence that Defendant is a citizen of a state other than the Commonwealth of Pennsylvania (Plaintiff alleges that Defendant is a Pennsylvania business entity). Plaintiff moves this Court to remand this case to the Court of Common Pleas of Allegheny County. Id.

At this stage, based upon the evidence presented, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332, because the Parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Further, the Parties will be able to have a just, speedy, and inexpensive resolution of their dispute in this forum. Fed.R.Civ.P. 1.

AND NOW, this 24th day of September, 2014, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand (Doc. No. 4) is **DENIED**.

s/ Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge

Cc: All Registered ECF Counsel and Parties